IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LYNN COLEMAN : CIVIL ACTION
:
v. :
:
NEW PENN FINANCIAL LLC : No. 17-3455

# MEMORANDUM

**DITTER, J.** March 12, 2018

Plaintiff Lynn Coleman brings claims of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951, *et seq*. Before me is Defendant's motion to dismiss Plaintiff's retaliation claims. For the reasons discussed, Defendant's motion will be denied.

**I. FACTS:**

Plaintiff is a woman who was hired as a Help Desk Manager by Defendant on February 27, 2015. A few months after she was hired, Defendant hired Andrew Weiss as CIO of the IT Department. Plaintiff reported directly to Weiss. She was also the only female manager in the IT Department and Weiss's only female direct report. In the course of their work relationship, Plaintiff alleges that Weiss was verbally abusive to her, "disrespected her capabilities," undermined her work efforts, and enlisted other employees in his efforts to circumvent her authority. *See* Compl. at 13. She also claims that Weiss spoke to her "in a manner that he did not use when speaking to his male direct

reports," would not allow her to speak in meetings, and set unrealistic goals for her. *See* Compl. at 13-15.

On September 16, 2015, Plaintiff arranged a meeting for the following Monday, September 21, 2015, at 10:00 a.m. with Eileen Rupp, Defendant's Human Resources Manager. *See* Compl. at 17. Although Plaintiff did not directly inform Rupp of the purpose of the meeting, Plaintiff alleges that she intended to inform Rupp about the discriminatory treatment she had been receiving from Weiss. *Id.*

On September 21, 2015, at 9:00 a.m., one hour prior to her scheduled meeting with Rupp, Weiss summoned Plaintiff to a meeting and fired her in the presence of Rupp. *See* Compl. at 18.

## II. DISCUSSION:

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. I must accept as true the factual allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the plaintiff. Federal Rule of Civil Procedure 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief;" however, the Supreme Court has stated that there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Title VII it is unlawful for an employer to discriminate against an employee

2

who opposes an unlawful employment practice. The Third Circuit has stated:

> To establish a prima facie case of retaliation under Title VII, a plaintiff must tender evidence that: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action."

*Moore v. City of Philadelphia*, 461 F.3d 331, 340-341 (3d Cir. 2006) quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995). Defendant alleges that Plaintiff has failed to establish the first and third elements of her retaliation claim under Title VII and the PHRA.

    A.    *Step One: Protected Activity*

Defendant contends that Plaintiff did not engage in a protected activity because she fails to allege that she complained about discrimination prior to the termination of her employment. Defendant also alleges that Plaintiff's assertion that she *intended* to engage in protected activity at her Human Resources appointment on September 21, 2015, is insufficient to establish a protected activity. Plaintiff counters that discovery will show that on September 16, 2015, Plaintiff initially emailed Rupp to set up a one-on-one meeting and that she subsequently spoke with Rupp on the telephone advising her that "situations have come up that I need to speak to you about privately." *See* Pl.'s Resp. In Opp'n at 3.

Plaintiff's claim that she engaged in a protected activity is sufficient to survive a motion to dismiss. Scheduling an appointment with Human Resources may certainly raise

a "red flag" that an employee may be having a difficult time at work.  Such a meeting would be the forum for alleging discrimination.  Facts determined through discovery will establish if Plaintiff can prove that she scheduled the meeting to discuss discrimination against her due to her sex.

   B.   *Step Three: Causal Connection Between Protected Activity and Firing*

Defendant also contends that Plaintiff has failed to establish causation because she fails to assert in her complaint that Weiss had knowledge that Plaintiff intended to address Weiss's discriminatory behavior at her meeting with Human Resources.  Defendant alleges that a conclusory allegation that Weiss "learned of the impending meeting and the subject matter" is insufficient.  *See* Comp. at 18.

Accepting Plaintiff's allegations, this claim is tenuous but sufficient to survive a motion to dismiss.  More facts are needed to determine the accuracy of Plaintiff's allegations.  Key to the survival of this claim is whether or not Plaintiff can establish that Weiss was made aware of the meeting and the possibility that Plaintiff would complain of discriminatory activity during that meeting.  At this point, however, the claim survives a motion to dismiss.

## III.   CONCLUSION:

At this stage in the proceedings, I conclude that Plaintiff has pled sufficient facts to state a claim upon which relief for retaliation may be granted.  Because the complaint is plausible on its face, Defendants' motion to dismiss Plaintiff's retaliation claims will be denied.  An appropriate order follows.